NO. 07-08-0225-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 11, 2008

______________________________


SUMMER DAWN TEETERS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A 14557-0207; HON. ED SELF, PRESIDING

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.
 
MEMORANDUM OPINION
          Appellant, Summer Dawn Teeters, appeals from an order adjudicating her guilty of
the offense of credit card abuse and sentencing her to two years in a State Jail Facility. 
Appellant originally pled guilty to the offense of credit card abuse and, pursuant to a plea
bargain, received a deferred adjudication community supervision for a period of one year. 
The State filed a motion to adjudicate, and a subsequent amended motion to adjudicate,
alleging a number of violations of the terms and conditions of community supervision. After
hearing the motion to proceed with adjudication, the trial court continued appellant on
deferred adjudication community supervision and extended her supervision period. 
Subsequently, the State filed another motion to adjudicate appellant. At the hearing on this
motion to adjudicate, appellant pled true to the allegations contained in the motion. The
trial court found the allegations contained in the State’s motion to be true and adjudicated
appellant guilty of the offense of credit card abuse. After hearing the punishment evidence,
appellant was sentenced to a term of confinement of two years in a State Jail Facility. This
appeal followed. We affirm.
          Appellant’s attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court’s judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of her right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of her right to file a pro se
response. Appellant has not filed a response.
          By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgment is affirmed.



 
Mackey K. Hancock

Justice





Do not publish. 



t">Any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Although the
outcome was not in appellant's favor, trial counsel filed and succeeded on multiple pre-trial
motions, conducted proper voir dire, vigorously cross-examined witnesses, and moved for
a mistrial. Absent evidence regarding counsel's trial strategy and provided the presumption
that trial counsel's conduct falls within the wide range of reasonable and professional
representation, no reversible error is demonstrated. See Bone v. State, 77 S.W.3d 828, 833
(Tex.Cr.App. 2002); Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).

 We have made an independent examination of the entire record to determine whether
there are any arguable grounds which might support this appeal. See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the
appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477
S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).